## ZION'S SAVINGS BANK & TRUST CO. v. KORTH.
### Civ. A. No. 552.

District Court, D. Utah, Central Division.
June 3, 1944.

H. P. Thomas, of Salt Lake City, Utah, for plaintiff.

Scott M. Matheson, Asst. U. S. Atty., of Salt Lake City, Utah, for defendant.

JOHNSON, District Judge.

This cause came on regularly for hearing before the court without a jury the 1st day of June, 1944, upon the amended complaint and defendant's answer thereto, H. P. Thomas, Esq., appearing as counsel for plaintiff and Scott M. Matheson, Esq., Deputy United States Attorney, as counsel for defendant, and was heard and tried upon the written stipulation of facts hereinafter mentioned and upon testimony and evidence in addition thereto, and the court having duly considered the same and being fully advised in the premises, makes the following:

### Findings of Fact

1. That upon the trial the parties through their respective counsel duly made and filed their written stipulation of facts. That said stipulation is as follows:

#### "Stipulation

"It is hereby stipulated and agreed by and between the parties hereto and by their respective attorneys that upon the trial of the above entitled cause the following facts will be admitted but either party upon proper grounds may object to the consideration of the facts herein stipulated and may offer other and further proof at the trial of this action which will not contradict or be inconsistent with the matters herein stipulated.

"1. Plaintiff is and at all times herein mentioned was a corporation duly organized and existing under the laws of the State of Utah with its office and place of business in Salt Lake City, Utah.

"2. The defendant resides in Salt Lake City, Utah, and on June 3, 1942, became and was and ever since has been and now is United States Collector of Internal Revenue in and for the District of Utah, having his office as such Collector in Salt Lake City, Utah.

"3. This action arises under the laws of the United States providing for internal revenue, the Constitution of the United States, Amendment XVI thereof, relating to taxes laid and collected on incomes; the Revenue Act of 1934, 48 Stat. 680–772 (26 U.S.C.A., Internal Revenue Acts, page 659); the Revenue Act of 1938, 52 Stat. 447–584 (26 U.S.C.A. Internal Revenue Acts, p. 995) and acts amendatory thereof and relating thereto including the Internal Revenue Code, 53 Stat. 1 (26 U.S.C.A. Internal Revenue Code).

"4. During the year 1928 the plaintiff advanced the sum of $50,000 as a loan to the Ogden Hotel Company, a corporation of the State of Utah, the said loan being evidenced by a note in that amount. As security for said loan the plaintiff also received and the Ogden Hotel Company executed a mortgage upon certain hotel property owned by the Ogden Hotel Company.

"5. From time to time between 1934 and 1939 the plaintiff received some payments on account in reduction of the indebtedness and also made certain charge-offs upon its books. These transactions were as follows:

"(1) The book balance of the $50,000 note was reduced to $30,000 as of January 7, 1935, by cash payments aggregating $7,336.37 and by a charge-off on plaintiff's books of $12,663.63.

"(2)a. In 1935 a new note was executed in the amount of $30,000 which note was antedated to December 1, 1934.

"b. A second note in the amount of $22,595.53 was likewise antedated. This note was composed of the $12,663.63 previously charged off, cash advances totaling $4,078.95 made in 1934 and 1935 for payment of taxes and other real estate expenses, and $5,852.95 which was represented as past due interest.

"(3) On May 21, 1936, a third note was executed in the amount of $5,351.17 covering cash advances on mortgaged property. Additional cash advances were made in 1936, 1937 and 1938 for similar purposes aggregating $5,282.74. The entire amount, except $2,862.26 taxes, representing cash advances had been claimed by plaintiff as deductions for real estate expenses and taxes in various returns filed prior to 1939.

"(4) As of January 5, 1939, the $30,000 note dated December 1, 1934, had a book value of $21,952.43. The difference between the face value and the book value having been occasioned by payments made on the note.

"6. A recapitulation of the transactions set forth above shows that between 1934 and 1939 the then existing indebtedness between the Ogden Hotel Company and the plaintiff was as follows:

| Item | Transaction | Amount |
|---|---|---|
| A. | Note dated December 1, 1934 (book balance January 5, 1939) | $21,952.43 |
| B. | Note dated December 1, 1934 (face amount of note) | 22,595.53 |
| C. | Note dated May 21, 1936 (face amount of note) | 5,351.17 |
| D. | Taxes, repairs, etc. | 5,282.74 |
| | Total | $55,181.87 |

"Prior to 1939 Items B, C and D above had been charged off by the plaintiff on its books and $10,914.83 thereof claimed by it in such returns as real estate expense.

"7. The charging off of said items did not in any of said years result in a reduction of the plaintiff's tax and it received no tax benefit thereby.

"8. On or about January 5, 1939, pursuant to an earlier default under the terms of the mortgage covering the Ogden Hotel Property the plaintiff instituted foreclosure proceedings. At the foreclosure sale the plaintiff submitted a bid of $53,500 and thereunder acquired title to the property at that bid price.

"9. On the same day as the foreclosure sale and acquisition of the property by the plaintiff, the plaintiff reconveyed the property by a resale to a bona fide purchaser at a price of $38,000.

"10. In its income tax return filed for 1939 the plaintiff reported the foreclosure and subsequent resale of the hotel property. In reporting the foreclosure the plaintiff claimed therein that of the bid price of $53,500, $27,376.49 (which includes said $10,914.83) represented nontaxable recoveries upon bad debts and $4,171.08 represented taxable interest. In reporting the resale on the same day the plaintiff set out as its cost basis the amount of the bid price, viz., $53,500. Having realized the sum of $38,000 upon the resale the plaintiff claimed that it had sustained a net capital loss of $15,500. The latter amount was claimed by the plaintiff as a deduction from income, in its 1939 income tax return. Plaintiff's total capital gains exceeded its total capital losses for 1939.

"11. In reporting the capital loss of $15,500 on the resale of the property the plaintiff claimed that the cost basis of the property was the bid price of $53,500.

"12. Plaintiff made and filed with the United States Collector of Internal Revenue for the District of Utah its income tax returns for the years 1934 to 1937, inclusive, and reported therein and claimed as deductions the following amounts:

| Year | Deductions | Net Loss Shown on Returns |
|---|---|---|
| 1934 | $ 1,860.48 | $154,999.86 |
| 1935 | 2,218.47 | 57,688.69 |
| 1935 | 2,593.49 | 57,688.69 |
| 1936 | 2,757.68 | 52,756.02 |
| 1936 | 525.85 | 52,756.02 |
| 1937 | 958.86 | 42,031.78 |
| | $10,914.83 | |

"The net taxable loss as shown exceeded the amount charged off in each year. Upon subsequent investigation $10,914.83 of the recoveries above claimed by the plaintiff as nontaxable were disallowed for the reason that the individual amounts making up this total had been previously charged off to real estate expense and claimed as deductions in returns for the years 1934 through 1937.

"13. The plaintiff's 1939 income tax return was examined by the Commissioner of Internal Revenue and it was determined that in the taxable year 1939 the plaintiff had recovered in full said amounts charged off and that said recovery of $10,914.83 was taxable for said year as income to the plaintiff.

"14. On the September 18, 1942 List there was assessed as a deficiency against the plaintiff in regard to the full amount of said recovery the sum of $1,800.95 with interest of $271.34, aggregating $2,072.29.

"15. The plaintiff on or about September 26, 1942, paid to the defendant Collector $2,075.53, assessed as aforesaid, and on or about October 31, 1942, the plaintiff filed with the Collector at his office in Salt Lake City, Utah, its claim for a refund of $2,072.29, that part of the said assessed de-

ficiency and interest attributable to the recovery item of $10,914.83 referred to in paragraph 12 hereof, a copy of which claim for refund is attached to plaintiff's amended complaint marked Exhibit A and made a part of this stipulation.

"16. More than six months has expired from and since the date of filing of said claim for refund but neither said deficiency and interest nor any part thereof have been refunded to the plaintiff.

"17. That if plaintiff is entitled to recover any sum by way of refund against defendant, the amount of such recovery shall be $1,800.95 as taxes and $271.34 paid as interest, with interest thereon according to law.

"18. In case of any variance or inconsistency between the allegations of the pleadings in this cause and the matters set forth in this stipulation, the pleadings shall be deemed to be amended to conform to the facts herein stated.

"Dated at Salt Lake City, Utah, this 1st day of June, 1944.

"Dan B. Shields
"United States Attorney

"H. P. Thomas
"Attorney for Plaintiff."

2. The court hereby adopts said stipulation of facts as and for its findings of fact herein.

3. The court further finds that in addition to said stipulation of facts, testimony was given by a witness for defendant as to the fair market value of the Ogden Hotel property involved herein as of January 5, 1939, the date on which plaintiff purchased said property at foreclosure sale for $53,500 and resold the same for $38,000. That testimony was thereupon also given by a witness for plaintiff as to such value on said date. And the court finds the fair market value of said property on said date was $53,500, that the weight and preponderance of the evidence sustains such finding of value, and that there is no clear or convincing evidence or proof that such value was other than $53,500 on said date.

From the foregoing findings of fact the court now makes the following:

## Conclusions of Law

1. That the recovery by plaintiff during the year 1939 of said $10,914.83 of bad debts previously charged off and reported by it for the years 1934 to 1937, inclusive, was a nontaxable recovery, and the determination of the Commissioner of Internal Revenue to the contrary and his inclusion thereof as taxable income to plaintiff for 1939 was erroneous.

2. That the cost basis of said Ogden Hotel Property to plaintiff upon the purchase thereof at foreclosure sale January 5, 1939, became and was $53,500. That upon the resale thereof for $38,000 plaintiff sustained a capital loss of $15,500 which in the taxable year 1939 in law should have been allowed plaintiff as a deduction in computing net income for said year, and the disallowance of such deduction by defendant was erroneous.

3. That plaintiff is entitled to refund of the sums paid defendant on September 26, 1942 upon said erroneous assessment, to-wit, $2072.29, and to judgment against defendant for said sum with lawful interest at six per cent per annum since the date of payment, and for costs.